**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SHARITA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-cv-1269-N ) ) |
| AMERICAN CORADIUS INTERNATIONAL, LLC, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT, AMERICAN CORADIUS INTERNATIONAL, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, American Coradius International, LLC (ACI), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Sharita Johnson (plaintiff), and states:

**JURISDICTION**

1. ACI admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and Texas state law, but denies any violations, liability and wrongdoing under the law. Except as specifically admitted, ACI denies the allegations in ¶ 1.

2. Upon information and belief, ACI admits jurisdiction is proper. Except as specifically admitted, ACI denies the allegations in ¶ 2 as calling for a legal conclusion.

3. Upon information and belief, ACI admits jurisdiction is proper. Except as specifically admitted, ACI denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

**PARTIES**

4.     Upon information and belief, ACI admits plaintiff is an adult residing in Dallas, Texas. Except as specifically admitted, ACI denies the allegations in ¶ 4 as calling for a legal conclusion.

5.     ACI admits it is a New York business with an office located at 2420 Sweet Home Road, Suite 150, Amherst, New York 14228 and part of its business is the collection of debts. Except as specifically admitted, ACI denies the allegations in ¶ 5 as calling for a legal conclusion.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.     THE DEBT**

6.     Upon information and belief, ACI admits plaintiff incurred a financial obligation to Chase. Except as specifically admitted, ACI denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7.     ACI denies the allegations in ¶ 7 as calling for a legal conclusion.

8.     ACI admits Chase placed an account in plaintiff's name with ACI for collection. Except as specifically admitted, ACI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.     ACI denies the allegations in ¶ 9 as calling for a legal conclusion.

**B.     ACI ENGAGES IN HARASSMENT AND ABUSIVE TACTICS**

10.    ACI admits in or around January 2013 it attempted to contact plaintiff. Except as specifically admitted, ACI denies the allegations in ¶ 10.

11.    ACI denies the allegations in ¶ 11.

12. ACI denies the allegations in ¶ 12.

13. ACI denies the allegations in ¶ 13.

14. ACI denies the allegations in ¶ 14.

15. ACI denies the allegations in ¶ 15.

16. ACI denies the allegations in ¶ 16.

17. ACI denies the allegations in ¶ 17.

18. ACI denies the allegations in ¶ 18.

**C.     PLAINTIFF SUFFERED ACTUAL DAMAGES**

19. ACI denies the allegations in ¶ 19.

20. ACI denies the allegations in ¶ 20.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

21. ACI incorporates the foregoing as if fully stated herein.

22. ACI denies the allegations in ¶ 22.

23. ACI denies the allegations in ¶ 23.

24. ACI denies the allegations in ¶ 24.

25. ACI denies the allegations in ¶ 25.

26. ACI denies the allegations in ¶ 26.

27. ACI denies the allegations in ¶ 27.

28. ACI denies the allegations in ¶ 28.

29. ACI denies the allegations in ¶ 29.

30. ACI denies the allegations in ¶ 30.

31. ACI denies the allegations in ¶ 31.

## COUNT II

### VIOLATION OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, *et al.*

32. ACI incorporates the foregoing as if fully stated herein.

33. ACI denies the allegations in ¶ 33 as calling for a legal conclusion.

34. ACI denies the allegations in ¶ 34 as calling for a legal conclusion.

35. ACI denies the allegations in ¶ 35.

36. ACI denies the allegations in ¶ 36.

37. ACI denies the allegations in ¶ 37.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, *et seq.*

38. ACI incorporates the foregoing as if fully stated herein.

39. ACI denies the allegations in ¶ 39.

40. ACI denies the allegations in ¶ 40.

41. ACI denies the allegations in ¶ 41.

42. ACI denies the allegations in ¶ 42.

43. ACI denies the allegations in ¶ 43.

44. ACI denies the allegations in ¶ 44.

## ACI'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. ACI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of ACI's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than ACI and were beyond the control or supervision of ACI or for whom ACI was and is not responsible or liable.

6. Plaintiff has failed to state a claim against ACI upon which relief may be granted.

7. One or more of the telephone calls made to plaintiff were not made to a wireless, i.e., cellular, telephone.

8. Plaintiff consented and authorized calls to the phone number in question.

9. The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11. To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

12. To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

13. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, American Coradius International, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

> Respectfully Submitted,
>
> /s/ Whitney L. White
> Whitney L. White
> State Bar No. 24075269
>
> **Sessions, Fishman, Nathan, & Israel, LLC**
> 900 Jackson Street, Suite 440
> Dallas, Texas 75202
> Telephone: (214) 741-3001
> Facsimile: (214) 741-3055
> Email: wwhite@sessions-law.biz
>
> **Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of May 2013, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Jody B. Burton, Esq.
Lemberg & Associates LLC
14785 Preston Road, Suite 550
Dallas, TX 75154

/s/ Whitney L. White
Attorney